**Julius R. BERKHEIMER, Plaintiff**

v.

**PENNSYLVANIA RAILROAD COMPANY, a Corporation, Defendant.**

**Civ. A. No. 13730.**

United States District Court
W. D. Pennsylvania.

July 14, 1959.

Robert B. Ivory, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant.

**30**

JOHN L. MILLER, District Judge.

Plaintiff, a trackman employed by the defendant railroad company was injured in the course of his duties on December 15, 1952, when struck by a timber which slipped from a pair of tongs attached to the cable of a crane. The jury awarded him a verdict of $18,000 which took into account some contributory negligence on his part. The present controversy arises upon plaintiff's motion under Rule 60(b), F.R.Civ.P., 28 U.S.C., for relief from the judgment by way of a new trial limited to the issue of damages. The motion is not filed under Rule 59 because the events giving rise to the claim for relief did not occur until the time for filing motions under that rule had passed. For some period of time prior to the trial, plaintiff had been regularly employed by the defendant at his usual job. He took his vacation commencing on the first day of the trial, December 1, 1958, and on reporting back to work on December 22, was examined by defendant's physician, Dr. David W. Bishop, who issued a "Report of Medical Examination," containing a statement that plaintiff should not lift or strain more than fifty pounds. As a result there has been no work for him to do and he has no assurance that work will be available in the future, although his employment has not been terminated.

Plaintiff sustained a serious fracture of his lower right leg. In addition he claimed injury to his hip and back. He testified that since the accident he had been unable to work as he had before and that though he had been working prior to the trial, he would not have been able to continue as a trackman unless his foreman had relieved him from lifting heavy loads. On one occasion, he had walked off the job because he was unable to do the work assigned to him, but after a hearing was reinstated.

Dr. Philip A. Faix testified for the plaintiff. He found, among other conditions, atrophy of the plaintiff's right thigh and leg due to the injury and coldness in his right extremities. He also attributed a weakening of the plaintiff's back, in which scoliosis was present, to the accident. Dr. Faix felt "that [plaintiff] could do light work; that it was almost impossible for him to do heavy work, and anything above 75 or 80 pounds would always give him some aggravation of his back, pain or spasm and sometimes cause him to lose some time." Thus, the effect of the plaintiff's testimony and that of his principal medical witness is that he was a candidate only for light work. Upon those facts we can not say that the railroad's imposition, after trial, of restrictions upon the amount of weight the plaintiff could lift or strain furnishes justification for the granting of a new trial. Bassett v. New York, Chicago & St. Louis Railroad Co., 3 Cir., 1956, 235 F.2d 900.

The plaintiff contends that defendant had the same information available before, as after, the verdict and that imposition of restriction only after trial gave it an unfair advantage before the jury. But we are unable to find that the jury was misled into the belief that plaintiff would continue in his employment as before.

Prior to the verdict, the defendant was not bound to accept or to act upon the plaintiff's medical contentions which in fact it honestly disputed. Nevertheless, Dr. Bishop clearly stated his policy of imposing restrictions whenever an employee's personal physician thought them necessary and Dr. Faix, prior to trial, had written to Dr. Bishop placing no restrictions on the plaintiff's work. Dr. Faix' statements at the trial accepted by the jury and now apparently by the railroad, indicated that restrictions were in order. The verdict itself so indicates.

We think the judgment should not be disturbed.